PD-1627-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/29/2014 9:05:12 AM
Accepted 12/30/2014 9:59:38 AM
ABEL ACOSTA
CLERK

**Cause No. PD-1627-14**

In the Court of Criminal
Appeals of Texas

FILED IN
COURT OF CRIMINAL APPEALS

December 30, 2014

ABEL ACOSTA, CLERK

**Michael Wade Riddle**,
Petitioner

v.

**The State of Texas**,
Respondent

On Review from Cause No. 02-14-00180-CR
in the Second Court of Appeals
Fort Worth, Texas

## State's Response to Petitioner's PDR

**Maureen Shelton**
Wichita County Criminal District Attorney

**Anthony Bates**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24076904
Tony.Bates@co.wichita.tx.us

**Carey Jensen**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24083252
Carey.Jensen@co.wichita.tx.us

900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 716-8530 fax

**Attorneys for Respondent State of Texas**

**Oral Argument Not Requested**

**To the Court of Criminal Appeals:**

Pursuant to Rule 68.9 of the Rules of Appellate Procedure, the State submits its reply to Appellant's petition for discretionary review. The State makes this reply in order to briefly address arguments set forth by Appellant in his petition.

## Statement Regarding Oral Argument

The State is not requesting oral argument in this case.

## Argument

The State respectfully requests this Court deny Appellant's petition because (1) the Petitioner expressly waived his right to closing argument prior to the trial court's announcement of the sentence; and (2) the probation condition that required the Petitioner to successfully complete sex offender treatment counseling was not modified; therefore, Tex. Crim. Proc. Code Ann. Art 42.12 §10(e) was not triggered.

***Petitioner expressly waived his right to closing argument in the disposition phase of trial.***

Petitioner argues that the trial court refused to allow closing arguments on sentencing. Petitioner asserts that he did make an objection prior to the trial court pronouncing sentence and further that he was "not required to formally make a request again or except to the court's ruling." (PDR at 7)

2

Petitioner was represented by his court-appointed counsel, Brennon Brady, at the sentencing hearing.[1] Mr. Brady did make an objection prior to the pronouncement of sentence. However, Petitioner misleads this Court by insinuating that the objection pertained to closing arguments. (PDR at 5, 7) Immediately preceding the trial court's denial of Petitioner's motion for continuance, Mr. Brady stated, ""…there's really nothing left for us [to do] other than hear the Court's sentence in this case. And I'm prepared to hear the sentence and Mr. Riddle just would like to ask for a continuance so that [another attorney] would be present at the sentencing." (R.R. 5:6) This constituted an express waiver of the right to closing argument by the Petitioner.

### The probation condition at issue was not modified.

The condition at issue required Petitioner to "remain in the Sexual Abuse Treatment Program until the program [had] been successfully completed, as determined by the treatment specialist…" (C.R. 61) This condition did not specify who the treatment specialist would be or describe the program in any way, except by calling it the Sexual Abuse Treatment Program. As such, a change in provider or even the program itself did not

---

[1] Despite repeated references to Mr. Brady as a fill-in attorney, he was in fact the Petitioner's attorney of record at the time of trial. (C.R. 70)

3

constitute a modification of the condition, so long as it remained the Sexual Abuse Treatment Program.

This is not to say that the State could have required Petitioner to participate in an unrelated program without proper modification simply by labeling that unrelated program the "Sexual Abuse Treatment Program." Clearly, this was not such a situation. The program, regardless of changes in provider, really *was* always the Sexual Abuse Treatment Program, and nothing in the record indicates evidence to the contrary. As such, the only way for Petitioner to continue in the program as required by the probation condition was to continue with the new treatment provider.

**Prayer**

The State prays that the Court deny Appellant's petition for discretionary review.

Respectfully submitted,

**Maureen Shelton**
Criminal District Attorney
Wichita County, Texas

 /s/Anthony Bates
**Anthony Bates**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24076904
Tony.Bates@co.wichita.tx.us

4

/s/Carey Jensen
**Carey Jensen**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24083252
Carey.Jensen@co.wichita.tx.us

900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 766-8177 fax

## Certificate of Compliance

I certify that this document contains 523 words. The body text is in 14 point font, and the footnote text is in 12 point font.

/s/Carey Jensen

## Certificate of Service

I certify that on December 29, 2014, a true and correct copy of the above document has been forwarded Paul Francis via electronic service to pfrancis@birch.net as well as the State Prosecuting Attorney, Lisa C. McMinn, via electronic service to information@spa.texas.gov.

/s/Carey Jensen